Benito Celaya LUCAS, Petitioner–
Appellant,

v.

W.I. LEBLANK, Jr., Warden, Federal
Prison, Metropolitan Correctional
Center of San Diego, California; Hon-
orable Larry A Burns, United States
Magistrate Judge; Gregory A. Vega,
United States Attorney; Madeline Al-
bright, Secretary of State, United
States of America, Respondents–Ap-
pellees.

No. 00–55676.
D.C. No. CV–00–00362–IEG.

United States Court of Appeals,
Ninth Circuit.

Submitted April 17, 2001.*

Decided April 26, 2001.

Before PREGERSON, FERNANDEZ,
and GRABER, Circuit Judges.

MEMORANDUM **

Benito Celaya Lucas appeals the district
court's denial of his 28 U.S.C. § 2241 habe-

---

* The panel finds this case appropriate for sub-
mission without oral argument pursuant to
Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-
cation and may not be cited to or by the
courts of this circuit except as may be provid-
ed by Ninth Circuit Rule 36–3.

as petition, in which Lucas challenges the magistrate judge's holding that he is extraditable pursuant to the extradition treaty between the United States and Mexico. The magistrate judge concluded that Lucas is extraditable because there is probable cause to believe that Lucas shot and killed his wife in Mexicali, Mexico before fleeing to the United States.

The magistrate judge based his probable cause finding on: (1) a report that witnesses saw Lucas at the site of the crime; (2) a report that, prior to the crime, a witness found Lucas in possession of a firearm that was of the same caliber as the firearm used in the crime; and (3) Lucas's confession that he killed his wife made to Calexico police officers when they interrogated him in his home.

■ Lucas makes several arguments in his habeas petition, all of which hinge on the allegedly unconstitutional conduct of the Calexico police officers who elicited the incriminating statements from Lucas. Lucas can establish a constitutional violation by showing either that his in-home confession was made in response to custodial interrogation and was not preceded by *Miranda* warnings, or that his confession was involuntary. *Dickerson v. United States,* 530 U.S. 428, 120 S.Ct. 2326, 2330, 147 L.Ed.2d 405 (2000).

■ Lucas cannot establish a *Miranda* violation because, even though his in-home confession was not preceded by *Miranda* warnings, he was not "in custody" at the time he confessed. He confessed to the police in his home during the day in the presence of his brother. The police told Lucas that they were not there to arrest him, only to question him about what happened. This situation is not "inherently coercive." *See Beckwith v. United States,* 425 U.S. 341, 342–43, 96 S.Ct. 1612, 48 L.Ed.2d 1 (1976) (defendant not "in custody" when police arrived at his home at 8:00 a.m. and he was interviewed at his dining room table); *cf. Orozco v. Texas,* 394 U.S. 324, 325, 89 S.Ct. 1095, 22 L.Ed.2d 311 (1969) (defendant "in custody" when police entered his bedroom at 4:00 a.m. to question him about a shooting). Therefore, Lucas cannot make out a constitutional violation on the basis that the police failed to administer *Miranda* warnings before he confessed.

■ Similarly, Lucas cannot show that his in-home confession was involuntary. Lucas can show that his in-home confession was involuntary only by pointing to circumstances demonstrating that his " 'will was overborne.' " *Dickerson,* 120 S.Ct. at 2331 (quoting *Schneckloth v. Bustamonte,* 412 U.S. 218, 226, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973)). Lucas cannot point to circumstances demonstrating that his will was overborne, so we are unable to conclude that his confession was involuntary.

Because we hold that Lucas has failed to establish that the Calexico police acted unconstitutionally, we affirm the district court's dismissal of his § 2241 habeas petition.

AFFIRMED.